**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRET McKEE,** | ) | |
| | ) | CIVIL ACTION NO.   **26-347** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **FOREMOST INSURANCE CO.,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**<u>MEMORANDUM OPINION</u>**

## I.    Introduction

Pending before the court is a partial motion to dismiss the "bad faith" claim, with brief in support (ECF Nos. 3,4) filed by Foremost Insurance Company Grand Rapids, Michigan ("Foremost").  Plaintiff Bret McKee ("McKee") filed a response and brief in opposition to the motion (ECF Nos. 5, 6).  The motion is ripe for decision.

## II.    Standard of Review

The Federal Rules of Civil Procedure govern motions to dismiss. Specifically, Rule 12(b)(6) provides for a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) works in conjunction with Rule 8, which requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader

is entitled to relief." Fed. R. Civ. P. 8(a)(2).

For a complaint to withstand a motion to dismiss, it must contain enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). To be considered facially plausible, the facts of the claim must allow a court reasonably to infer that the defendant is liable for the alleged wrongdoing. *Id.* In addition to accepting the factual allegations as true, the court must also view those facts "in the light most favorable to the non-moving party." *Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).

Following *Twombly* and *Iqbal*, "it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss" because "'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Likewise, "the court need not accept as true 'unsupported conclusions and unwarranted inferences,' or the plaintiff's 'bald assertions' or 'legal conclusions.'" *Cook v. W. Homestead Police Dep't*, No. 2:16-CV-01292, 2017 WL 1550190, at *2 (W.D. Pa. May 1, 2017) (quoting *Doug Grant, Inc. v. Great Bay Casino Corp.,* 232 F.3d 173, 183–84 (3d Cir. 2000) and *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

The United States Court of Appeals for the Third Circuit laid out the following three-part process for a court to determine whether a complaint can survive a motion to dismiss:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

2

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.,* 629 F.3d 121, 128 (3d Cir. 2010)).

### III.    Background

This is an insurance coverage dispute.  McKee filed the original complaint in this case in state court.  Foremost filed a notice of removal and the pending partial motion to dismiss the bad faith claim.  Foremost does not challenge the breach of contract claim.

McKee avers that on or about June 15, 2024, he returned from a two-week Army Reserve commitment to find that his home had been broken into, burglarized and vandalized.  Complaint ¶ 3 (ECF No. 1-1).  McKee reported the crime to the police and Foremost.  Foremost accepted the claim as a covered cause of loss, but allegedly failed to meet its obligations under the policy in three ways: (1) it failed to fully reimburse McKee for the full value of all lost contents; (2) it failed to reimburse McKee for the damage done to the property; and (3) McKee was not fully compensated for his loss of use coverage. Complaint ¶¶ 5-8, 16-18.

With respect to the bad faith claim, pursuant to 42 Pa. Cons. Stat. § 8371, the complaint alleged as follows:

> 21. Despite the Plaintlff's best efforts and the Defendant's stated acceptance of the claim, the Defendant failed to handle the claim appropriately in any meaningful manner.

> 22. The Defendant, with no basis or justification of policy, willfully and recklessly disregarded its duties in assessing the amount of damages owed under the dwelling coverage.

> 23. Despite the Plaintiff's compliance with the terms of the policy in providing extensive documentation of all stolen and damaged contents, the Defendant recklessly and willfully disregarded its duty under the policy and made a recklessly or knowingly low offer applying inapplicable limits to the contents

claim to suppress the value of the claim.

24. The Defendant recklessly or knowingly failed to provide the ALE coverages required under the policy without proper explanation or policy justification.

ECF No. 1-1.

## IV.     Discussion

The contours of a bad faith claim were recently outlined in *Persichini v. Nationwide General Insurance Co.*, No. 2:21-CV-1775, 2022 WL 2803113 (W.D. Pa. July 18, 2022):

> To state a claim for bad faith, a plaintiff "must demonstrate, by clear and convincing evidence, (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the claim." 42 Pa. C.S. § 8371; *Rancosky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017). Bad faith claims arise when an insured properly notifies the insurer of a claim and the insurer then either fails to investigate, refuses to investigate, conducts a negligent investigation, or fails or refuses to pay all or part of the claim. *See, e.g., Rancosky v. Wash. Nat'l Ins. Co.*, 130 A.3d 79, 96–98 (Pa. Super. 2015) (discussing insurer's failure to conduct reasonable investigation of claim after claimant's notice to insurer); *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 689 (Pa. Super. 1994) (denying bad faith claim for injured parties who reported accident to insurer and received low settlement offer prior to arbitration).

*Id.* at *3. The court recognized "that bad faith must be proven by clear and convincing evidence and that a plaintiff must show 'that the evidence is so clear, direct, weighty and convincing as to enable a clear conviction, without hesitation, about whether or not the defendants acted in bad faith.'" *Id.* (citation omitted).

In *Persichini*, the court denied a motion to dismiss the bad faith claim. The court explained "at the Rule 12(b)(6) stage, Plaintiffs need not meet this high burden. Rather, they must only allege sufficient facts that, if accepted as true, state a bad faith claim plausible on its face." *Id.*

4

In this case, McKee does not assert sufficient facts to state a plausible bad faith claim. He alleges, conclusorily, that Foremost "failed to handle the claim appropriately"; "disregarded its duties in assessing the amount of damages" to the dwelling without any justification; "made a recklessly or knowingly low offer applying inapplicable limits to the contents claim"; and failed to provide the appropriate ALE coverage under the policy.  Missing from the complaint are any underlying facts about what steps Foremost failed to take to handle the claim appropriately and any details about its assessment of the amount of damages, applicable limits and the offers made by Foremost on the dwelling, contents and ALE coverages.   The averments, as pleaded, are too conclusory to support a plausible bad faith claim.

The Federal Rules of Civil Procedure direct the court to "freely give leave" to parties to amend their pleadings "when justice so requires." Fed. R. Civ. P. 15.  A court must permit a curative amendment unless it would be inequitable or futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  In this case, Foremost did not articulate whether it sought dismissal of count 2 with or without prejudice and did not articulate any reason that amendment would be inequitable or futile.  The court, therefore, will permit plaintiff to seek leave to file an amended complaint with respect to the bad faith claim.

### VI. Conclusion

For the reasons set forth above, the partial motion to dismiss the amended complaint (ECF No. 3) will be granted.  Count 2 will be dismissed, without prejudice to plaintiff's ability to

seek leave to file an amended complaint.

An appropriate order follows.

Dated: March 31, 2025

BY THE COURT

s/ Joy Flowers Conti
JOY FLOWERS CONTI
SENIOR UNITED STATES DISTRICT JUDGE
